**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSE J. VALE, | No. 15-15696 |
| Petitioner - Appellant, | D.C. No. 4:14-cv-1588-PJH |
| v. | |
| CONNIE GIBSON, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted October 21, 2016
San Francisco, California

Before: BEA and IKUTA, Circuit Judges, and RESTANI,[**] Judge.

Jesse J. Vale ("Vale") appeals the district court's denial of his petition for a

writ of habeas corpus. The district court reviewed the California Court of Appeal's

decision to affirm the trial court's denial of Vale's objection to disallow the

prosecution's use of its peremptory challenges as race-based under Batson v.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Kentucky, 476 U.S. 79 (1986). <u>See</u> <u>People v. Vale</u>, No. H037358, 2013 WL 5278501, at *7 (Cal. Ct. App. Sept. 19, 2013).

We have jurisdiction pursuant to 28 U.S.C. § 2253. We review the district court's denial of Vale's habeas petition de novo. <u>Lopez v. Thompson</u>, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc). We review the trial court's denial of Vale's <u>Batson</u> objection de novo because the California Court of Appeal's decision was dependent on an antecedent unreasonable application of federal law, and thus not entitled to deference under 28 U.S.C. § 2254(d)(1). <u>See</u> <u>Shirley v. Yates</u>, 807 F.3d 1090, 1101 (9th Cir. 2015).

The trial court did not err by finding that Vale failed to make out a prima facie <u>Batson</u> case at step one because, considering the totality of the circumstances, Vale did not raise an inference of discrimination. Although the trial court allowed the prosecutor to state his justifications for striking the jurors in question, we may affirm the trial court's <u>Batson</u> step one determination without considering the validity of the prosecutor's reasons for exercising his peremptory challenges. <u>See</u> <u>United States v. Guerrero</u>, 595 F.3d 1059, 1063 (9th Cir. 2010).

**AFFIRMED.**